UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARKAMAL SINGH, | No.  1:26-cv-05103 DAD SCR |
| Petitioner, | |
| v. | **MINUTE ORDER** |
| SCOTT FRAUENHEIM, et al., | |
| Respondents. | |

Petitioner, an immigration detainee who is proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636.

Respondents are directed to show cause why the writ should not be granted by filing an answer/return within seven (7) days from the date of this order.  See 28 U.S.C. § 2243. Respondent shall address whether this case is factually or legally distinguishable from Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Chavarria v. Chestnut, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and other similar decisions issued by the assigned District Judge.  Respondents shall also include with the answer/return any and documents relevant to the determination of the issues presented in the application.  Petitioner may file a reply/traverse within three (3) days of Respondents' answer/return.  Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondents shall not transfer Petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner's counsel shall inform the court as expeditiously as possible in order to conserve its limited judicial resources.  For the same reason, Respondent shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country.  Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the circumstances that have changed.

IT IS SO ORDERED.

1