UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARKAMAL SINGH (A# 245-757-074),

Petitioner,

v.

SCOTT FRAUENHEIM, et al.,

Respondents.

No. 1:26-cv-05103 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner, a citizen and national of India, entered the United States without inspection on January 22, 2024. ECF No. 1 at 2, ¶ 3. He encountered Border Patrol agents and was released on recognizance under 8 U.S.C. § 1226 the next day. ECF No. 7 at 13-14 (Form I-220A). While on release, Petitioner did not commit any crimes, materially complied with conditions of release, and is not subject to a final order of removal. ECF No. 1 at 4, ¶ 14. On April 14, 2026, Immigration and Custom Enforcement ("ICE") agents arrested Petitioner during a routine commercial truck inspection in Shamrock, Texas. Id. at 13, ¶ 52. On June 8, 2026, an immigration judge denied Petitioner's request for custody redetermination under 8 C.F.R. § 1236 for lack of jurisdiction. ECF No. 1-2 at 23-25. Petitioner is detained at the Central Valley Annex within this judicial

district. Id. at 2, ¶ 2.

Considering all these factors, and consistent with the Court's reasoning and rulings in substantively identical cases, the undersigned finds that Petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing. See Guaura v. Warden, 26-cv-01124-DAD-AC (HC), 2026 WL 895694 (E.D Cal. Apr. 1, 2026) (applying Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), to grant petition and order immediate release on habeas petitioner's procedural due process claim); Lopez v. Albarran, No. 1:25-CV-01890-DAD-SCR (HC), 2025 WL 3691082 (E.D. Cal. Dec. 19, 2025) (same outcome as to a request for a temporary restraining order, relying on Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025)); Ramos v. Warden, California City Corr. Ctr., No. 26-CV-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026) ("[T]he appropriate remedy is petitioner's immediate release where, as here, respondents have failed to provide authority for petitioner's detention."). Accordingly, the undersigned recommends the petition be granted and Respondents be ordered to immediately release Petitioner from custody.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on Count 1 (Procedural Due Process—Arbitrary Detention)[1] as follows:

   a. Respondents be ORDERED to immediately release Petitioner Harkamal Singh (A# 245-757-074) from custody;

   b. Respondents be ENJOINED and RESTRAINED from re-detaining Petitioner unless they provide him with notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Any order adopting these findings and recommendations include language that it

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

3. The Clerk of the Court be directed to:

a. Serve a copy of this order on the Central Valley Annex; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE